The Chancellor.
Several grounds were taken in support of the demurrer. One was, that there was no guarantee that the second sale should yield as much as the first; that the complainants made no offer to secure the amount brought at the sale which has been made. On the facts stated in the bill, and which the demurrer admits, no such offer or guarantee can bo necessary. The bill states that a bid of $6000 was offered and an unquestionable note, payable in two weeks from the day of sale, for the ten per cent, on that sum; the residue to be paid according to the conditions of sale. That this was refused, and the property was struck off by Abraham I. Berry, acting as trustee for the company, to his father, John A. Berry, for $910. The *70 bill States that the ten per cent, was not required from the said John, and that he has never paid it nor any part of the purchase money. The application to set aside such a sale is very different from the ordinary application to open biddings. There was nothing urging the trustee, or justifying him in selling at such a sacrifice, in the face of such an offer. I am of opinion there is nothing in the objection.
Another ground taken in support of the demurrer was, that the second bill goes on principles opposite and hostile to the case made by the original bill, and does not accord with the original bill. The first bill seeks to set aside the deed made by the president and directors of the company to Abraham I. Berry as trustee for the company, with power to. sell for the benefit of the company; and the second bill seeks to set aside the sale made by the trustee, after the filing of the original bill, on' the ground that such sale was improperly and fraudulently made. I can perceive no hostility between the prayers of the two bills.
The second bill prays, also, that the trust deed to Abraham be set aside. This, it was argued, was incongruous. It does not so strike me. The trust deed to Abraham and the sale made by him, may both be set aside ; or the trust deed held good and the sale by the trustee under it be held void. The bills taken together, and considering one as supplemental to the other, seek, the first, to set aside the trust deed, and the second, to set aside the deed made by the trustee. Both may prevail, or’the second may prevail though the first should not. I do not see that the mere introduction of a prayer in the second bill. that the trust deed be set aside produces any fatal incongruity.
The other ground taken in support of the demurrer was, that no subpoena was ever served or issued on the original bill; that the complainants were therefore out of court, and not in condition to come in by supplemental bill. It is true that subpoenas in the original suit should be served before a supplemental bill be filed. Mitf. Pl. 62, margin, note E.
If the second bill in this case is to be considered as strictly a supplemental bill, the questions to be decided would be, first, whether the want of subpoena in the original suit can be taken advantage of by general demurrer to the supplemental bill; and, *71 second, whether the course taken by the defendants under the original bill and the proceedings had thereon were not equivalent to an appearance by the said John and Abraham to the original bill, or sufficient to prevent these defendants from taking advantage of the want of subpoena in the original bill, by general demurrer to the supplemental bill. On the filing of the original bill, an application was made for an injunction. The Chancellor appointed a day for the hearing of the application, and directed notice to be given to these defendants. At the hearing they resisted the application, and put in their several affidavits in opposition to it. The Chancellor denied the application, with costs; and the defendants took an order that the complainants pay to them, John A. Berry and Abraham I. Berry, their costs in opposing said application, to be taxed ; and in the taxed costs they were allowed for a copy of the bill.
The second bill states the contents of the first bill, and the proceedings under it on the application for an injunction, and adds the new matter of the sale by Abraham, and prays that the defendants may answer both bills. The defendants John and Abraham demur generally to the second bill. No case was cited, nor have I been able to find any, in which, under such circumstances, a demurrer was allowed for want of a subpoena on the original bill. In this case no useful purpose would be served by allowing the demurrer on this ground; and I am strongly inclined against it. I find a note of the case of Ogden vs. Gibbons, in which it is said that Chancellor Williamson inclined to the opinion that a general demurrer was to be considered as a waiver of all defects in the service of a subpoena. It seems to me that, in all propriety, the objection should have been made early, and in another way; and that it should not be allowed to prevail when, after the lapse of several terms, the cause is brought to a hearing on a general demurrer.
But there is another view, of the case on which, as it appears to me, the demurrer must be overruled. The first bill was filed to set aside the trust deed made to Abraham. After that bill was filed, Abraham, as trustee, conveyed the property to John A.; and the second bill seeks to set aside this conveyance from Abraham to JohjrA. It is only in one respect that the second *72 bill can be considered as supplemental. If, in order to set aside the deed from Abraham to John, it be essential that the trust deed to Abraham be set aside, then the second bill may be considered as supplemental. In pursuing the first bill, to set aside the trust deed to Abraham, his conveyance to John A., after the filing of the first bill, occasioned an imperfection in the proceedings which it was proper to remedy by a supplemental bill. But if the trust deed to Abraham is good, there is nothing in the second bill of the character of a supplemental bill. In that ■case, it would be a sufficient bill for the purpose of setting aside the deed from» Abraham to John. If the original bill was dismissed because no subpoena was issued on it, would this second bill fall altogether! Would the effect be any thing more than that that part of it which asks that the trust deed to Abraham be set aside would fall, and be left for another suit. So far as the second bill goes for the setting aside of the deed from Abraham to John, it is a new case, not necessarily connected with the first bill; for, though the trust deed should be held good, the deed from Abraham to John might be set aside. The new matter of the second bill, that is to say, the deed from Abraham to John, may be tried and decreed upon, and the matter of the first bill, that is, the trust deed to Abraham, be left entirely untouched and remain the subject of a distinct suit. If no decree could bo made on the new matter stated in the second bill without decreeing that the trust deed to Abraham was void, then, unless the defendants were properly brought in under the first bill, the suit could not proceed. But the deed from Abraham to John may be void and the trust deed to Abraham may be good. At most, then, this second bill could only be demurrable so far as it relates to the matter of the first bill. But the demurrer is general to the whole bill, and being, as it seems to me, bad in part, it is bad in whole, and must be overruled.
Demurrer overruled.